WILLIAM A. BINGHAM, PLAINTIFF-RESPONDENT, v. MAYOR AND COUNCIL OF THE CITY OF CLIFTON AND FRANK PECCI, DEFENDANTS-APPELLANTS, AND WILLIAM HOLSTER AND PASSAIC VALLEY WATER COMMISSION, DEFENDANTS.

Argued November 24, 1964—Decided January 13, 1965.

*Mr. Morton Hirschklau* argued the cause for plaintiff-respondent, and on the brief (*Messrs. Hirschklau & Wasserman,* attorneys).

*Mr. Sam Monchak* argued the cause for defendants-appellants and defendant William Holster.

The opinion of the court was delivered

PER CURIAM. On December 17, 1963 the city council of the City of Clifton appointed Frank Pecci as a commissioner of the Passaic Valley Water Commission. Plaintiff filed an action in lieu of prerogative writs, demanding, *inter alia,* the following relief:

"(a) Declaring the appointment of Frank Pecci as a member of the Passaic Valley Water Commission, illegal and void;

(b) Declaring that the power to appoint the member of the Passaic Valley Water Commission from the City of Clifton is vested in the City Manager; * * *."

Upon cross-motions for summary judgment, the trial court entered judgment for plaintiff on said demands. The Mayor and Council of the City of Clifton and Frank Pecci appealed

to the Appellate Division. Before argument there, this Court certified the case. *R. R.* 1:10–1(a).

In 1927 the cities of Clifton, Passaic and Paterson applied, pursuant to *R. S.* 40:62–108 *et seq.,* for the appointment of commissioners to acquire the waterworks owned by the Passaic Consolidated Water Company. The application was granted by a Justice of the then Supreme Court, and in February 1931 the three municipalities entered into a tripartite agreement "prescribing a method of electing or appointing a commission" for the operation of the waterworks and water system. *R. S.* 40:62–129. Said agreement provided:

"1. There shall be appointed as hereinafter set forth, a commission of four persons, of whom two shall be residents of Paterson who shall be appointed by the governing body of said city; one shall be a resident of Passaic who shall be appointed by the governing body of said city; and one shall be a resident of Clifton, who shall be appointed by the governing body of said city. The persons so appointed shall constitute a commission for the government, control and administration of said waterworks, to succeed the present Passaic Valley Water Commission. * * *"

For prior litigation involving this agreement see *Boyle v. De Nooyer,* 39 *N. J.* 245 (1963).

From 1931 to 1934 the city council of Clifton appointed Clifton's representative to the commission. Since 1934 Clifton has been functioning under "the municipal manager form of government law," *R. S.* 40:79–1 *et seq.,* and the city council, as established under said statute, has continued to make the appointments. The question presented in this appeal is whether the city council or the municipal manager of the City of Clifton has the power to appoint Clifton's representative on the Passaic Valley Water Commission. As was noted in *Boyle, supra,* 39 *N. J.,* at *pp.* 248–249, the manner of election or appointment of the Passaic Valley Water Commission members is that provided generally under the particular statutes which govern the respective municipalities to the compact. Accordingly, the provisions of the Municipal Manager Act, *R. S.* 40:79–1 *et seq.* are determinative.

*R. S.* 40:81–9 provides:

"The municipal council shall be the governing body of the municipality and except as herein otherwise provided, shall have and possess all administrative, judicial and legislative powers and duties now had, possessed and exercised by the governing body of such municipality and all other executive or legislative bodies in such municipality, and shall have complete control and supervision over the affairs of the municipality to be exercised in the manner herein prescribed."

The council is vested only with the express power to appoint

"* * * a municipal manager, an assessor, or where required by law a board of assessors, an auditor, a treasurer, a clerk, and an attorney. * * *" *N. J. S. A.* 40:81–11.

\* \* \* \* \* \* \* \*

"* * * advisory boards with power only to make investigations and recommendations. * * *" *R. S.* 40:81–13.

The municipal manager shall:

"a. Be the chief executive and administrative official of the municipality; * * *

d. Appoint and remove all department heads and all other officers, subordinates, and assistants for whose selection or removal no other method is provided in this subtitle, supervise and control his appointees, and report all appointments or removals at the next meeting thereafter of the municipal council; * * *

f. See that all terms and conditions imposed in favor of the municipality or its inhabitants in any statute, public utility franchise or other contract are faithfully kept and performed, and upon knowledge of any violation call the same to the attention of the municipal council; * * *." *R. S.* 40:82–4.

 It is to be noted that the act gives no appointive power to the council, except as to the above specifically mentioned offices. *City of Clifton v. Zweir,* 36 *N. J.* 309, 326 (1962). The general power to make appointments of all other municipal officials was thus conferred upon the city manager, being restricted only by the special provisions expressly granting power to the council or mayor to appoint to particular positions. The membership in the Passaic Valley Water Commission is not one of these expressly excepted positions, and it

therefore follows that the appointment of Clifton's representative to that body should have been made by the city manager. Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.